IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JOHN H. HAMILTON, SR., | § § | Case No. 10-35770 |
| DEBTOR. | § § | (Chapter 7) |

| | | |
|---|---|---|
| RONALD J. SOMMERS, TRUSTEE | § § | |
| Plaintiff, | § § | |
| v. | § § | Adv. Cause No. _____ |
| PATRICIA L. HAMILTON | § § | |
| Defendant. | § § | |

**TRUSTEE'S ORIGINAL COMPLAINT FOR THE TURNOVER OF PROPERTY TO THE ESTATE, THE AVOIDANCE AND RECOVERY OF PROPERTY FRAUDULENTLY TRANSFERRED, AND APPLICATION FOR <u>PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION</u>**

THE APPLICATION FOR PRELIMINARY INJUNCTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. EXPEDITED CONSIDERATION OF THE APPLICATION IS BEING REQUESTED. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. HOWEVER, THE COURT MAY CONSIDER THE MATTER ON AN EXPEDITED BASIS AND SHORTEN THE TIME TO OBJECT OR RESPOND. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

COMES NOW, Ronald J. Sommers, Trustee ("Trustee") in the above-captioned bankruptcy case, and files this Original Complaint pursuant to 11 U.S.C. §§ 542, 548 & 550 and TEX. BUS. & COM. CODE §§ 24.005 & 24.006 for the Turnover of Property to the Estate, the Avoidance and Recovery of Property Fraudulently Transferred, and Application for Preliminary Injunction and Permanent Injunction, and in support thereof would respectfully show unto the Court the following:

## I.
## Jurisdiction

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(a). This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

2. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

## II.
## Introduction

3. The Trustee brings this adversary proceeding to recover the John H. Hamilton, Sr.'s ("the Debtor") legal and equitable interest in community property that is possessed and controlled by the Debtor's wife, Patricia L. Hamilton. The Trustee also seeks to avoid and recover multiple fraudulent transfers the Debtor made to his wife during their marriage relationship. In addition, the Trustee seeks preliminary and permanent injunctive relief that requires Patricia L. Hamilton to immediately turnover the property of the estate and to restrain from selling, disposing, or otherwise using property of the estate.

## III.
## Parties

4. Plaintiff is Ronald J. Sommers, duly qualified and acting as Trustee in the above-captioned bankruptcy case.

5. Defendant is Patricia L. Hamilton, wife of the Debtor, who resides at 31503 Blue Heron, Fulshear, Texas 77441.

## IV.
## Jurisdiction

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(a). This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

7. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

## V.
## Procedural Background

8. On July 6, 2010 (the "Petition Date"), the Debtor filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

9. On August 17, 2010, the Court issued its Order Requiring Debtor to Appear and Show Cause Why a Chapter 11 Trustee Should Not Be Appointed or Converted to Chapter 7 [Doc. No. 57] (the "Show Cause Order").

10. A hearing was held on the Show Cause Order on September 7, 2010, and the Court concluded that the appointment of a Chapter 11 Trustee was appropriate.

11. On September 9, 2010, the Court entered its Order Appointing Chapter 11 Trustee

authorizing and directing the United States Trustee to appoint a Trustee [Doc. No. 86]. Ronald J. Sommers was appointed as the Chapter 11 Trustee.

12.  On October 15, 2010, the Trustee filed his Unopposed Motion to Convert to Chapter 7 [Doc. No. 121] (the "Conversion Motion").

13.  A hearing was held on the Conversion Motion on October 26, 2010, and the Court entered its Order Granting Trustee's Unopposed Motion to Convert to Chapter 7.

14.  On November 1, 2010, Ronald J. Sommers was appointed Chapter 7 Trustee of the Debtor's Estate.

## VI.
## Facts

15.  All legal or equitable interests of the Debtor in property as of the commencement of the bankruptcy case, including all interests of the Debtor and the Debtor's spouse in community property, is property of the estate. 11 U.S.C. §541.

16.  The Debtor and Mrs. Hamilton have been married approximately twenty years. *See* the Oral Deposition of Patricia Hamilton (the "Hamilton Deposition"), which is attached hereto as **Exhibit "A"**, beginning at Pg. 15, ln. 22 and ending at Pg. 16, ln. 11. Throughout their marriage, the Debtor and Mrs. Hamilton have resided in Texas. *See* the Hamilton Deposition at Pg. 16, lns. 12 – 24. The Debtor and Mrs. Hamilton have never entered into any written premarital or marital property agreements whereby they agreed that property would be Mrs. Hamilton's separate property. *See* the Hamilton Deposition at Pgs. 19 – 23; Pgs. 26 – 28; Pgs. 33 – 34.

17.  For the past seven years of their marriage, Mrs. Hamilton would receive a $4,000 per week allowance from the Debtor (the "Allowances"). *See* the Hamilton Deposition at Pg. 42, lns. 3 – 14; beginning at Pg. 44, ln. 14 through Pg. 45, ln. 4. This adds up to almost $1,500,000

4

that was conveyed by the Debtor to Mrs. Hamilton as admitted to by Mrs. Hamilton. The Debtor showed none of these transfers on his Statement of Financial Affairs. The Debtor received nothing in return for the Allowances. Mrs. Hamilton kept these Allowances as cash at her residence.

18. Mrs. Hamilton used the Allowances to purchase and pay for the following property:

   a. The West 85 feet of Lot 1, Block 9, County Block 5848, Larkwood, in the City of Terrell Hills, Bexar County, Texas, according to plat thereof recorded in Volume 2222, Page 354, Deed and Plat Records of Bexar County, Texas and commonly known as 100 Bryker Drive, San Antonio, Bexar County, Texas 78209-6008 (the "San Antonio Property"); *see* the Hamilton Deposition beginning at Pg. 39, ln. 22 through Pg. 40, ln. 18; *see also* the Deed of Trust attached hereto as **Exhibit "B"**;

   b. Lot 8, Block 14, Section 4, further known as 33203 Westleton Court, Fulshear, Texas 77441 (the "Westleton Property"); *see* the Hamilton Deposition at Pg. 43, lns. 3 - 22; and

   c. A majority interest in PLD-CMJ, Incorporated d/b/a Starcrete, *see* the Hamilton Deposition at Pg. 65, lns. 5 – 15; *see also* Stock Ledger and Transfer Ledger attached hereto as **Exhibit "C"** and bates labeled PLD-CMJ 0017.

19. Mrs. Hamilton has also used the Allowances to pay off her personal debts, which include, but are not limited to, multiple credit cards that are in her name only. *See* the Hamilton Deposition at Pg. 133, lns. 6 – 17; Pg. 138, lns. 8 – 18; Pg. 139, ln. 21 – Pg. 140, ln. 9.

20. Mrs. Hamilton also maintains a Personal Sterling Advantage Account with Woodforest National Bank (the "Woodforest Account"). Mrs. Hamilton's banking practices with the Woodforest Account are unusual to say the least. Mrs. Hamilton's testimony reveals that she has made it her regular practice to deposit portions of the Allowances in the Woodforest Account and immediately withdraw the deposit as cash with a counter-check made out to herself. When questioned why she needed to deposit cash into the Woodforest Account only to immediately withdraw cash, Mrs. Hamilton was unable to answer. *See* the Oral Deposition of

5

Patricia Hamilton beginning at Pg. 135, ln. 15 and continuing until Pg. 136, ln. 18 and Pg. 137, ln. 17 through Pg. 138, ln. 2. *See also* Bank Statements for the Woodforest Account attached hereto as **Exhibit "D"**. Though requested and subpoenaed to do so, Mrs. Hamilton has not produced the bank statements for the Woodforest Account for the period immediately preceding the Petition Date.

21. At the time the Debtor made the Allowances to Mrs. Hamilton, the Debtor was either insolvent, was engaged in business or a transaction, or was about to engage in business or a transaction, for which the Debtor's property was an unreasonably small capital, or intended to incur, or believed that the Debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured. At all relevant times, the Debtor was engaged in business and transactions whereby he would develop and sell commercial properties. These commercial properties were either in poor locations or had few or poor tenants, or both, such that in order to entice buyers to purchase the commercial properties, the Debtor had to personally guarantee the rent payments of the tenants of each commercial property. The Debtor also had to personally guarantee the bank loans for the development of these commercial properties. The Debtor incurred tens of millions of dollars of debt and guarantees to his numerous creditors. These debts and guarantees greatly exceeded his assets and the Debtor had unreasonably small capital to satisfy these guarantees. Despite that, the Debtor continually transferred $4,000 per week to his spouse for nothing in return.

## VII.
### Causes of Action

A. **Turnover of Property of the Estate**

22. Pursuant to 11 U.S.C. § 542,

> Except as provided in subsection (c) or (d) of this section, an

entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

23. The Trustee is informed, and believes, and therefore alleges that the San Antonio Property, the Westleton Property, the majority interest in PLD-CJM, Incorporated, the Allowances, the cash, and the proceeds of the Woodforest Account belong to the Debtor as they are community property of the marital estate of the Debtor and Mrs. Hamilton, but are nominally in the possession and under the control of Mrs. Hamilton.

24. The San Antonio Property, Westleton Property, majority interest in PLD-CJM, Incorporated, the Allowances, the cash, and the Woodforest Account are not exempt under 11 U.S.C. § 522, and therefore are property of the estate that can be used or sold to satisfy the debts of the Debtor.

25. The Trustee has made demand for these non-exempt items, but Mrs. Hamilton has failed or refused to comply within the time period given.

26. Further transfers and use of the Allowances are ongoing.

**B. Fraudulent Transfers**

27. The Debtor fraudulently transferred the Allowances to Mrs. Hamilton in violation of five separate state and federal statutory provisions. *First*, under TEX. BUS. & COM. CODE § 24.005(a)(1), the transfers of the Allowances were fraudulent because the Debtor transferred the Allowances and the Debtor and Mrs. Hamilton acquired assets and paid debts with the Allowances with intent to hinder, delay and defraud his creditors. Multiple badges of fraud are present: the Allowances were made to an insider of the Debtor; the Debtor retained possession or control of the property transferred after the transfer; the Allowances were concealed; before the

Allowances were made the Debtor had been sued and/or threatened with suit by numerous creditors; the Debtor did not receive anything in return for the Allowances; the Debtor was insolvent or became insolvent while he was making the Allowances to Mrs. Hamilton; and the Allowances occurred shortly before and shortly after the Debtor incurred substantial debts.

28. *Second,* under TEX. BUS. & COM. CODE § 24.005(a)(2), the transfers of the Allowances were fraudulent because the Debtor made the transfers without receiving a reasonably equivalent value in exchange for the Allowances. At the time, the Debtor (A) was engaged or was about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond the Debtor's ability to pay as they became due.

29. *Third,* under TEX. BUS. & COM. CODE § 24.006(a), the transfers of the Allowances were fraudulent because the Debtor made the transfers without receiving a reasonably equivalent value in exchange for the Allowances, and the Debtor was insolvent at the time or became insolvent as a result of the Allowances.

30. *Fourth,* under TEX. BUS. & COM. CODE § 24.006(b), the transfers of the Allowances were fraudulent because the Allowances were made to an insider, the Debtor was insolvent at that time, and Mrs. Hamilton had reasonable cause to believe that the Debtor was insolvent.

31. *Fifth,* under 11 U.S.C. § 548(a)(1)(B), the transfers of the Allowances were fraudulent because the transfers the Debtor received were less than a reasonably equivalent value in exchange for the Allowances and the Debtor (A) was insolvent on the date that the Allowances were made or incurred, or became insolvent as a result of the Allowances, (B) was

8

engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital, or (C) intended to incur, or believed that he would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

32. Pursuant to TEX. BUS. & COM. CODE §§ 24.005(a)(1), 24.005(a)(2), 24.006(a), 24.006(b) and 24.008 and 11 U.S.C. § 548(a)(1)(B), the Trustee may avoid the Allowances and, pursuant to section 550(a) of the Bankruptcy Code, the Trustee may recover the Allowances, or the value of the Allowances, from Mrs. Hamilton.

### C. Application for Preliminary and Permanent Injunction

33. Pursuant to TEX. BUS. & COM. CODE § 24.008(a)(3)(A), TEX. BUS. & COM. CODE § 24.008(a)(3)(B), FEDERAL RULES OF BANKRUPTCY PROCEDURE 7065, and FEDERAL RULE OF CIVIL PROCEDURE 65, the Trustee requests a preliminary and permanent injunction against Defendant, Patricia L. Hamilton, the Debtor, and any other persons or entities who are in active concert or participation with either of them, requiring them to turnover to the estate the San Antonio Property, the Westleton Property, the majority interest in PLD-CJM, Incorporated, the Allowances, the proceeds of the Woodforest Account, and any other community property that she may now possess and control and any community property that she may acquire in the future.

34. In the alternative, pursuant to TEX. BUS. & COM. CODE § 24.008(a)(3)(A), TEX. BUS. & COM. CODE § 24.008(a)(3)(B), FEDERAL RULES OF BANKRUPTCY PROCEDURE 7065, and FEDERAL RULE OF CIVIL PROCEDURE 65, the Trustee requests a preliminary and permanent injunction against Defendant, Patricia L. Hamilton, the Debtor, and any other persons or entities who are in active concert or participation with either of them, enjoining the sale, transfer or other

9

disposal of the San Antonio Property, the Westleton Property, the majority interest in PLD-CJM, Incorporated, and any other community property that she may now possess and control and any community property that she may acquire in the future without the prior written consent of the Trustee or further order of this Court until a final determination on the merits of this proceeding or until further order of this Court.

35. Also in the alternative, pursuant to TEX. BUS. & COM. CODE § 24.008(a)(3)(A), TEX. BUS. & COM. CODE § 24.008(a)(3)(B), FEDERAL RULES OF BANKRUPTCY PROCEDURE 7065, and FEDERAL RULE OF CIVIL PROCEDURE 65, the Trustee requests a preliminary and permanent injunction against Defendant, Patricia L. Hamilton, the Debtor, and any other persons or entities who are in active concert or participation with either of them, enjoining their use or disposal of the Allowances, the proceeds from the Woodforest Account, and any other community property that she may now possess and control and any community property that she may acquire in the future without the prior written consent of the Trustee or further order of this Court.

36. Also in the alternative, pursuant to TEX. BUS. & COM. CODE § 24.008(a)(3)(A), TEX. BUS. & COM. CODE § 24.008(a)(3)(B), TEX. BUS. & COM. CODE § 24.008(a)(3)(C), FEDERAL RULES OF BANKRUPTCY PROCEDURE 7065, and FEDERAL RULE OF CIVIL PROCEDURE 65, the Trustee requests a preliminary and permanent injunction against Defendant, Patricia L. Hamilton, the Debtor, and any other persons or entities who are in active concert or participation with either of them, mandating that they hold the proceeds from any sale of the San Antonio Property, the Westleton Property, the majority interest in PLD-CJM, Incorporated, and any other community property that she may now possess and control and any community property that she may acquire in the future in trust until a final determination on the merits of this proceeding or until further order of this Court.

37. Also in the alternative, pursuant to TEX. BUS. & COM. CODE § 24.008(a)(3)(A), TEX. BUS. & COM. CODE § 24.008(a)(3)(B), TEX. BUS. & COM. CODE § 24.008(a)(3)(C), FEDERAL RULES OF BANKRUPTCY PROCEDURE 7065, and FEDERAL RULE OF CIVIL PROCEDURE 65, the Trustee requests a preliminary and permanent injunction against Defendant, Patricia L. Hamilton, the Debtor, and any other persons or entities who are in active concert or participation with either of them, mandating that they render a complete and thorough accounting of all monies and/or properties spent, transferred, sold, secreted, or otherwise disposed of from January 1, 2010 through the present, together with supporting documentation, including, but not limited to, all of the Allowances and all other cash.

38. Under TEX. BUS. & COM. CODE § 24.008(a)(3)(A), a creditor may obtain an injunction against further disposition by the debtor or the transferee, or both, of the asset transferred or of other property. Under TEX. BUS. & COM. CODE § 24.008(a)(3)(B), a creditor may obtain the appointment of a receiver to take charge of the asset transferred or of other property of the transferee.

39. Mrs. Hamilton contends that the San Antonio Property, the Westleton Property, the Allowances, the majority interest in PLD-CJM, Incorporated, and the proceeds from the Woodforest Account are her separate property. *See* the Hamilton Deposition beginning at Pg. 9, ln. 9 and ending at Pg. 36, ln. 3; beginning at Pg. 38, ln. 18 and ending at Pg. 39, ln. 21; beginning at Pg. 97, ln. 13 and ending at Pg. 100, ln. 3; beginning at Pg. 115, ln. 21 and ending at Pg. Pg. 117, ln. 12. She bases her contention on conversations and oral understandings between herself and the Debtor. *See* the Hamilton Deposition beginning at Pg. 16, ln. 21 and ending at Pg. 18, ln. 20; at Pg. 19, lns. 2 – 22; beginning at Pg. 21, ln. 7 and ending at Pg. 22, ln. 14; Pg. 23, lns. 2 – 24; beginning at Pg. 9 and ending at Pg. 28, ln. 22. However, the Debtor and Mrs.

Hamilton never had a written agreement that each executed identifying what property would be Mrs. Hamilton's separate property. *See* the Hamilton Deposition beginning at Pg. 37, ln. 5 and ending at Pg. 38, ln. 17; beginning at Pg. 38, ln. 18 and ending at Pg. 39, ln. 21; beginning at Pg. 97, ln. 13 and ending at Pg. 100, ln. 3; beginning at Pg. 115, ln. 21 and ending at Pg. 117, ln. 12. Therefore, the San Antonio Property, the Westleton Property, the Allowances, the majority interest in PLD-CJM, Incorporated, and the Woodforest Account are community property and property of the Debtor's bankruptcy estate. *See* TEX. FAM. CODE §§ 4.002 ("a premarital agreement **must be in writing and signed by both parties**...") & 4.104 ("A partition or exchange agreement under Section 4.102 or an agreement under 4.103 **must be in writing and signed by both parties**..."). Mrs. Hamilton's continued use of these properties violates the automatic stay. In fact, Mrs. Hamilton is using these properties for her sole benefit. This includes paying her own credit card debts and funding excessive shopping trips with her daughters. *See* the Hamilton Deposition beginning at Pg. 100, ln. 2 and ending at Pg. 103, ln. 1 and beginning at Pg. 128, ln. 17 and ending at Pg. 129, ln. 7. Upon information and belief, if these properties are sold, used or disposed of—the proceeds of which belong to the Trustee—those proceeds will be transferred to accounts in favor of Mrs. Hamilton and/or other persons or entities that will make recovery of the proceeds near impossible.

40. <u>Irreparable Injury</u>. If the preliminary and/or permanent injunction is not granted, the Plaintiff will likely suffer an imminent and irreparable injury. More specifically, the Debtor has shown a callous and intentional disregard for this Court and his creditors. If the injunction is not issued, the Trustee will likely be unable to recover the properties or the proceeds of the sale, if he is successful in this litigation. As a result, one of the largest single assets sought by the Trustee in this case will have been disposed of, leaving the creditors of the Debtor with little to

no assets to satisfy their debts.

41.  No Adequate Remedy at Law.  The remedy sought in the first place by the Trustee is the return of the San Antonio Property, the Westleton Property, the Allowances, the majority interest in PLD-CJM, Incorporated, and the proceeds from the Woodforest Account for inclusion as property of the estate of the Debtor, and all incidents of ownership and documents with respect to each of those items.  If these properties are not turned over immediately, or, in the alternative, Mrs. Hamilton is permitted to use, sell and dispose of these properties without the Trustee's involvement, the Trustee is without adequate remedy at law. *See* 11 U.S.C. §550.

42.  Substantial Likelihood of Success.  The Trustee is likely to succeed on the merits of his claim and incorporates herein by reference all other paragraphs pled in this Complaint as the basis for this allegation. As well, the Court can take judicial notice of the prior false statements of the Debtor in his schedules, statement of financial affairs, and in Court.

43.  Balance of Hardships.  The injury faced by the Trustee outweighs any potential harm that would be sustained by Defendant, Patricia L. Hamilton.  The Trustee faces the possibility of losing several assets of the bankruptcy estate of the Debtor.  Defendant, if successful, is merely delayed in her use of property that is neither exempt nor necessary for her day-to-day activities.

44.  Effect on Public Interest.  The preliminary injunction will not adversely affect public policy or the public interest and will promote both.

45.  Bond.  Pursuant to FEDERAL RULES OF BANKRUPTCY PROCEDURE 7065, the Trustee is not required to post a security in an amount that the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

## VIII.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Trustee requests entry of judgment against Defendant, Patricia L. Hamilton as follows:

A. Declare the San Antonio Property, the Westleton Property, the Allowances, the majority interest in PLD-CJM, Incorporated, and the Woodforest Account to be property of the estate of John H. Hamilton, Sr.;

B. Order Patricia L. Hamilton to turnover the San Antonio Property, the Westleton Property, the Allowances, the majority interest in PLD-CJM, Incorporated, and the Woodforest Account to the Trustee;

C. Declare the transfer of Allowances to be fraudulent under the Texas Uniform Fraudulent Transfers Act, TEX. BUS. & COM. CODE § 24.005 and § 24.006, *et seq.*;

D. Declare the transfer of Allowances to be fraudulent under 11 U.S.C. § 548;

E. Award Trustee a money judgment against Patricia L. Hamilton in an amount equal to the value of the San Antonio Property, the Westleton Property, the Allowances, the majority interest in PLD-CJM, Incorporated, and the Woodforest Account to be property of the estate of John H. Hamilton, Sr. and directing Patricia L. Hamilton to immediately repay to Trustee such amount, pursuant to Section 550 of the Bankruptcy Code, together with interest on such amount from the date of the transfers;

F. Award Trustee its attorney's fees, costs, and other expenses incurred in this action;

G. Issue a preliminary injunction in the proposed form attached hereto as **Exhibit "E"** (the "Preliminary Injunction") that:

    1. mandates Patricia L. Hamilton, the Debtor, and any other persons or entities who are in active concert or participation with either of them to immediately turnover

the San Antonio Property, the Westleton Property, the Woodforest Account, the Allowances, the cash, the majority interest in PLD-CMJ, Incorporated, and any other community property that Patricia L. Hamilton may now possess and control and any community property that she may acquire in the future to the Trustee, together with all incidents of ownership and all documentation pertaining thereto;

2. enjoins Patricia L. Hamilton, the Debtor, and any other persons or entities who are in active concert or participation with either of them, from directly or indirectly selling, transferring or otherwise disposing the San Antonio Property, the Westleton Property, the majority interest in PLD-CJM, Incorporated, the Allowances, the cash, and any other community property that Patricia L. Hamilton may now possess and control and any community property that she may acquire in the future without the prior written consent of the Trustee or further order of this Court;

3. enjoins Patricia L. Hamilton, the Debtor, and any other persons or entities who are in active concert or participation with either of them, from directly or indirectly using or otherwise disposing the Allowances, the cash, the proceeds from the Woodforest Account, and any other community property that she may now possess and control and any community property that she may acquire in the future without the prior written consent of the Trustee or further order of this Court;

4. mandates Patricia L. Hamilton, the Debtor, and any other persons or entities who are in active concert or participation with either of them to hold the proceeds from any sale of the San Antonio Property, the Westleton Property, the majority

interest in PLD-CJM, Incorporated, and any other community property that Patricia L. Hamilton may now possess and control and any community property that she may acquire in the future in trust until a final determination on the merits of this proceeding or until further order of this Court; and

5. mandates Patricia L. Hamilton and the Debtor to render a complete and thorough accounting of all monies and/or properties spent, transferred, sold, secreted, or otherwise disposed of from January 1, 2009 through the present, together with supporting documentation, including, but not limited to, all of the Allowances and all other cash.

H. For all other relief, legal or equitable, to which Trustee shows himself justly entitled.

Date: November 12, 2010

Respectfully submitted,

SNOW FOGEL SPENCE LLP

By: /s/ Ross Spence
    Ross Spence
    State Bar No. 18918400
    Email: rossspence@snowfogel.com
    Aaron M. Guerrero
    State Bar No. 24050698
    Email: aaronguerrero@snowfogel.com
2929 Allen Parkway, Suite 4100
Houston, TX 77019
Telephone: (713) 335-4800
Telecopier: (713) 335-4848
**PROSPECTIVE COUNSEL FOR RONALD J. SOMMERS, TRUSTEE**

## CERTIFICATE OF SERVICE

    I certify that on 12th day of November, 2010, a true and correct copy of the above and foregoing Original Complaint for the Turnover of Property to the Estate, the Avoidance and Recovery of Property Fraudulently Transferred, and Application for Preliminary Injunction and Permanent Injunction was served upon all parties per the Service List attached as **Exhibit "1"** via the Court's electronic case filing system (ECF) and/or via First Class Mail.

                                    /s/ Aaron M. Guerrero
                                    Aaron M. Guerrero

I:\Client\HAMJ0001 - UCC John Hamilton BR\Pleadings\Complaint for Turnover - Patricia Hamilton.docx